UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

WADDELL SMITH,

                  Plaintiff                            **<u>ANSWER</u>**

v.

CORRECTION LIEUTENANT TROY MITHCELL     Case No. 20-cv-01374-GLS-ATB
And CORRECTION SERGEANT CHRISTOPHER
FENNESSY in their individual and official capacities
As Correction Officers employed by the State of
New York,

                  Defendants,

_____

        Defendant TROY MITCHELL, by and through his attorney, LIPSITZ GREEN SCIME CAMBRIA LLP, as and for his answer to the Complaint of Plaintiff, herein alleges as follows:

        1.       DENIES knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

        2.       DENIES the allegations set forth in paragraph 2 of the Complaint.

        3.       DENIES knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

        4.       DENIES knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint, except ADMITS so much of said paragraph which alleges that Plaintiff purports that this Court has subject matter jurisdiction in this matter.

        5.       DENIES knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, except ADMITS only so much of said paragraph which alleges that Plaintiff purports that venue is proper in this district.

        6.       DENIES knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 6 of the Complaint.

7.      DENIES knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8.      DENIES knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9.      DENIES the allegations set forth in paragraph 9 of the Complaint.

10.     ADMITS the allegations set forth in paragraph 10 of the Complaint.

11.     DENIES the allegations set forth in paragraph 11 of the Complaint.

12.     DENIES the allegations set forth in paragraph 12 of the Complaint.

13.     DENIES the allegations set forth in paragraph 13 of the Complaint.

14.     DENIES the allegations set forth in paragraph 14 of the Complaint.

15.     DENIES the allegations set forth in paragraph 15 of the Complaint.

16.     DENIES the allegations set forth in paragraph 16 of the Complaint.

17.     DENIES the allegations set forth in paragraph 17 of the Complaint.

18.     DENIES the allegations set forth in paragraph 18 of the Complaint.

19.     DENIES the allegations set forth in paragraph 19 of the Complaint.

## AS AND FOR A FIRST DEFENSE

20.     Plaintiff's Complaint fails to set forth a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

21.     Plaintiff's alleged damages as attributed to Defendant Mitchell's purported conduct, which he denies, are de minimis and insufficient to state a claim for relief or compensation for excessive force in violation of the Fourth, Eighth, and/or Fourteenth Amendment.

**AS AND FOR A THIRD DEFENSE**

22.    Actions filed by state prisoners with respect to prison conditions are governed by the *Civil Rights Of Institutionalized Persons Act,* and 42 U.S.C. §1997(e)(a), as supplemented and/or amended by *The Prison Litigation Reform Act* of 1995. Accordingly, Plaintiff's Complaint is barred by reason of Plaintiff's failure to exhaust administrative remedies.

**AS AND FOR A FOURTH DEFENSE**

23.    Plaintiff's claims and alleged damages are barred by the Eleventh Amendment of the United States Constitution.

**AS AND FOR A FIFTH DEFENSE**

24.    Plaintiff's claims against Defendant Mitchell are barred by the doctrine of qualified immunity.

**AS AND FOR A SIXTH DEFENSE**

25.    To the extent Plaintiff, has on three or more occasions, brought an action or appeal that was dismissed on the grounds that is was frivolous, malicious, or failed to state a claim upon which relief may be granted, he is barred from proceeding under Section 1915 of the Prison Litigation Reform Act of 1995.

**AS AND FOR A SEVENTH DEFENSE**

26.    Upon information and belief, Plaintiff's claim(s) for relief are barred by the applicable statute of limitations.

**AS AND FOR AN EIGHTH DEFENSE**

27.    Upon trial, it may appear that some or all damages claimed by Plaintiff were brought about or contributed to by reason of Plaintiff's own acts, actions, negligence, and/or assumption of risk; if so, Plaintiff's damages, if any, must be dismissed accordingly.

4129834, 1, 068531.0001

## AS AND FOR AN NINTH DEFENSE

28.    In the event the answering Defendant is found liable for any of the injuries alleged by Plaintiff in the Complaint, it is alleged, upon information and belief, that Plaintiff failed to take steps to minimize his damages in whole or in part.  Therefore, Plaintiff is foreclosed from recovery of that portion of the damages developing from his failure to mitigate.

## AS AND FOR A TENTH DEFENSE

29.    The answering Defendant, at all times, acted in conformity with all federal and state constitutional, statutory and/or regulatory provisions.

## AS AND FOR A ELEVENTH DEFENSE

30.    Plaintiff's action is barred, in whole or in part, pursuant to § 24 of the New York State Corrections Law.

## AS AND FOR A TWELFTH DEFENSE

31.    Plaintiff's demand for punitive damages is barred because punitive damages are not recoverable for the conduct complained of by Plaintiff.

## AS AND FOR A THIRTEENTH DEFENSE

32.    To the extent Plaintiff raises any state law claims against the answering Defendant:

a.   Such claims are barred by § 259-q of the Executive Law and by other state law;

b.   Such claims are barred by the doctrines of laches, waiver or estoppel; and

c.   The answering Defendant intends to and will seek the entire benefit of Article 16 of the New York Civil Practice Law and Rules at the time of trial.

## AS AND FOR A FOURTEENTH DEFENSE

33.    All or part of each item of economic loss claimed by Plaintiff may have been paid, replaced or indemnified in whole or in part from collateral sources and that to the extent, in the

4129834, 1, 068531.0001

event Plaintiff recovers judgment herein, the amounts Plaintiff recovers should be reduced by such amounts as have been or may be recovered in whole or in part from collateral sources.

## AS AND FOR A FIFTEENTH DEFENSE

34.    Plaintiff's claims are barred, in whole or in part, by the holdings in *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997), and their progeny.

## AS AND FOR A SIXTEENTH DEFENSE

35.    Any and all damages sustained by Plaintiff were caused or contributed to by culpable conduct attributable to others over whom Defendant Mitchell did not exercise any form of control.

## AS AND FOR A SEVENTEENTH DEFENSE

36.    Plaintiff's action is barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Complaint in its entirety and with prejudice, including but not limited to his reasonable attorney's fees and costs, together with such other and further relief as the Court deems just and proper.

DATED:        April 20, 2021
              Buffalo, New York

                              **LIPSITZ GREEN SCIME CAMBRIA LLP**

                              By:  ___/s/Barry N. Covert_____
                                   Barry N. Covert, Esq.
                                   Jeffrey F. Reina, Esq.
                                   Diane M. Perri Roberts, Esq.
                                   Patrick J. Mackey, Esq.
                                   *Attorneys for Defendant Troy Mitchell*
                                   42 Delaware Avenue, Suite 120
                                   Buffalo, New York 14202
                                   716-849-1333
                                   bcovert@lglaw.com
                                   jreina@lglaw.com
                                   droberts@lglaw.com
                                   pmackey@lglaw.com

5